FILED
2012 FEB 17 PM 4:59
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

Jonathan M. Jenkins (State Bar No. 193011)
jjenkins@jmjenkinslaw.com
Shakti Murthy (State Bar No. 155194)
smurthy@jmjenkinslaw.com
Emma Enriquez (State Bar No. 225059)
eenriquez@jmjenkinslaw.com
JONATHAN M. JENKINS & ASSOCIATES
8075 W. Third St., Ste. 300
Los Angeles, California 90048
Telephone: (310) 984-6800
Fax: (310) 984-6840

Sara Bedirian (State Bar No. 169154)
sarabedirian@bedirianlawfirm.com
BEDIRIAN & ASSOCIATES
275 S. Beverly Dr. #202A
Beverly Hills, CA 90212
Telephone: (310) 288-9797
Fax: (310) 288-8798

Counsel for Plaintiff Carole Harris

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

CAROLE HARRIS, a California resident, on behalf of herself and all others similarly situated,

   Plaintiff,

v.

TODD WHITE, a California resident; ART OF WHITE, INC., a California corporation,

   Defendants.

Case No. SACV12-274-JST(RNBx)

CLASS ACTION COMPLAINT FOR: (1) UNFAIR COMPETITION AND (2) VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT

DEMAND FOR JURY TRIAL

CLASS ACTION COMPLAINT

# CLASS ACTION COMPLAINT
## GENERAL ALLEGATIONS

1. Todd White is a "celebrity" artist, initially gaining renown as head of the artistic design team for the "SpongeBob Squarepants" cartoon series. Since then, he has achieved financial success and professional acclaim as a studio artist: he was chosen as the official artist of the 2007 Grammy Awards; his work has appeared on limited edition Coca-Cola products; and he was commissioned in the U.K. to paint a memorial portrait of the late Princess Diana. He sells his work through a network of galleries nationwide, and to the general public at exhibitions.

2. In addition to painting original artwork, at least several times per year Mr. White and Art of White ("AOW") (collectively, "Defendants") issue numerous limited edition "giclees." A giclee is made by creating a high-resolution digital scan of an original piece, reproducing it onto a substrate, and applying a protective varnish sealant. Because a giclee is relatively inexpensive to produce, Defendants make substantial profits by reselling limited edition at a substantial markup – typically thousands of dollars apiece.

3. At all times relevant herein, on information and belief, Defendants and/or their agents have represented to consumers and the general public nationwide, directly and/or indirectly, through multiple means including oral statements, internet postings and videos, promotional brochures and advertisements, that Mr. White's limited edition giclees are "hand-signed" and by Mr. White personally. For this reason, consumers nationwide were willing to pay thousands of dollars for mere reproductions of original art.

4. On information and belief, such representations were not true with respect to hundreds, if not thousands of giclees issued between 2004 to 2007. In fact, on information and belief, other individuals, including Mr. White's former manager, were trained to "paint" Mr. White's signature on limited

edition giclees.

5. The exact number of "unauthentic" Todd White giclees (the "Unauthentic Pieces") is presently being ascertained but, on information and belief, may number between 600 to 1,200. In other words, numerous art purchasers have paid thousands of dollars a piece for artwork that Mr. White *never personally touched*.

6. Had art purchasers and the public at large known the actual facts surrounding the "authenticity" of the limited edition giclees at issue, they never would have paid such high prices for mere digital reproductions untouched by the artist. Those art purchasers who were duped by Defendants' deceptive and unfair practices – and now find themselves owning limited edition giclees likely worth but a fraction of the price originally paid – deserve restitution. Accordingly, Plaintiff Carole Harris ("Plaintiff") brings this action on behalf of herself and all others similarly situated to obtain class-wide relief for Defendants' wrongful misconduct. It is presently believed, on information and belief, that the amount of restitution to which the proposed class members are entitled will exceed $5,000,000.

## THE PARTIES

7. Carole Harris is an individual who resides and does business in Orange County, California.

8. Defendant Todd White is a California resident who resides in Los Angeles County and does business throughout California and nationwide.

9. Defendant Art of White, Inc. is a California corporation located in Los Angeles County. It does business throughout California and nationwide.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. section 1332(d)(2), as the amount in controversy is believed, on information and belief, to exceed $5,000,000, numerous proposed class members reside outside California, and the aggregate number of class members will be more than one

hundred.

11. Venue is proper in this District, pursuant to 28 U.S.C. section 1391(a)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## CLASS ACTION ALLEGATIONS

12. Plaintiff bring this action on behalf of herself and all others similarly situated pursuant to F.R.C.P. Rules 23(a) and 23(b), and the case law thereunder. Plaintiff seeks to certify one class (the "Class"): All individuals who, within the four year period preceding the filing of this action through the date notice is mailed to the Class, purchased one or more of the Unauthentic Pieces. Excluded from the Class are Defendants' employees, officers, directors, agents, representatives, and family members. Plaintiff also contends that, due to White's active and continuing deception the applicable limitations periods should be tolled until the actual discovery of White's wrongdoing in or around September 2011.

13. Plaintiff reserves the right to amend or otherwise alter the Class definition(s) at the appropriate time, or propose sub-Classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

14. Numerosity: the Class is so numerous that the individual joinder of all members is impracticable under the circumstances of the case. While the exact number of Class members is unknown at this time, Plaintiff is presently informed and believes that Class numbers between 600 to 1,200 nationwide.

15. Commonality: Common questions of law or fact are shared by the Class members. This action is suitable for class treatment because these common questions of fact and law predominate over any individual issues. Such common include, but are not limited to, the following:

(a) the number of Unauthentic Pieces in existence;

  (b) whether Defendants engaged in unfair, unlawful, and or fraudulent business practices pursuant to Cal. Business and Professions Code section 17200 *et seq.* in connection with the Unauthentic Pieces;

  (c) whether Defendants violated the Cal. Consumers Legal Remedies Act, Cal. Civil Code section 1770 *et seq.* in connection with the Unauthentic Pieces;

  (d) the extent to which the value of the Unauthentic Pieces is affected by the fact that Todd White did not personally sign them;

  (e) how much the Class members are entitled to as restitution, damages, and punitive damages.

  16. **Typicality:** Plaintiff's claims are typical of the claims of the members of Class. Plaintiff and the members of the Class purchased White giclees based on the false belief that Mr. White signed them personally, have had the value of their artwork devalued as a result of Defendants' misconduct, and the claims of Plaintiff and the members of the Class are based on the same legal theories.

  17. **Adequacy:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the other members of the Class she seeks to represent. Plaintiff has retained counsel competent to represent Class interests and intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

  18. **Ascertainable Class:** The proposed Class is ascertainable in that the members are identifiable, and the Unauthentic Pieces can be ascertained from information in the possession of Plaintiff, Defendants, and/or third parties.

  19. This case is brought and can be maintained as a class action under F.R.C.P. Rule 23(b)(1), 23(b)(2), and 23(b)(3):

  (a) **Risk of Inconsistent Judgments:** The unlawful acts and practices of

Defendants, as alleged herein, constitute a course of conduct common to Plaintiff and each member of the Class. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications which would substantially impair or impede the ability of individual Class members to protect their interests;

(b) Classwide Relief Appropriate: Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief or corresponding declaratory relief with respect to the Class as a whole appropriate;

(c) Predominant Questions of Law or Fact: Questions of law of fact common to the Class members, including those identified above, predominate over questions affecting only individual members of the Class (if any), and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class action treatment will allow a large number of similarly situated art purchasers/consumers to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudicating each such individual lawsuit would be substantial.

**FIRST CLAIM AGAINST DEFENDANTS**

**(Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq*.)**

20. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

21. Based on and in reliance on the belief and/or representation by Defendants that Mr. White personally signed all of his giclees, Plaintiff purchased within the past four years not less than three giclees that are, on information and belief, Inauthentic Pieces. On further information and belief,

1 such pieces were not signed by Mr. White personally, but by his former co-manager, at Mr. White's request and authorization.

22. Defendants' above-described conduct was and is unfair, unlawful, and fraudulent.

23. Defendants' conduct with respect to the Unauthentic Pieces was and is unfair, as (a) the injury to consumers was substantial; (b) the injury was not outweighed by any countervailing benefit to consumers or competition; and (c) consumers themselves could not have avoided such injury.

24. Defendants' conduct with respect to the Unauthentic Pieces was and is fraudulent, as members of the public were and are likely to be deceived.

25. By engaging in the above-described acts and practices, Defendants have committed acts of unfair competition within the meaning of Cal. Business and Professions Code section 17200 *et seq.*

26. Accordingly, Plaintiff and the Class members are entitled to equitable relief, including restitution, restitutionary disgorgement of all profits that accrued to Defendants as a result of the unfair competition, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Defendants from their unlawful activity.

## SECOND CLAIM AGAINST DEFENDANTS
### (Violation of CLRA, Civil Code § 1770 *et seq.*)

27. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

28. Plaintiff and the Class members are consumers per Civil Code section 1761 who purchased Inauthentic Pieces in reliance on direct and/or indirect material representations of Defendants and/or their agents that Mr. White's giclees were all personally signed by him.

29. Such conduct by Defendants violates Cal. Civil Code section 1770(a), including but not limited to the following provisions: "(1) Passing off

goods… as those of another"; "(5) Representing that goods… have… characteristics… or qualities which they do not have…"; and "(9) Advertising goods… with the intent not to sell them as advertised."

30. Accordingly, pursuant to Cal. Civil Code section 1780, Plaintiff and the class members are entitled to actual damages, injunctive relief, and attorneys' fees. The total amount of monetary relief is expected to exceed $5,000,000.

31. Thirty days or more prior to the commencement of this action, Plaintiff provided Defendants with written notice pursuant to Cal. Civil Code section 1782(a) *et seq.*

32. On information and belief, Defendants' conduct was carried out willfully, with actual knowledge and malice, and with an intent to violate the rights of Plaintiff and the Class members. Accordingly, Plaintiff and the Class members are entitled to an award of punitive damages in an amount according to proof at trial.

33. WHEREFORE, Plaintiff and the Class members pray for judgment against Defendants, jointly and severally, as follows:

A. An order certifying this case as a class action and appointing Plaintiff and her counsel to represent the Class;

B. For restitution, damages, attorneys' fees, and punitive damages in an amount according to proof at trial but not less than $5,000,000;

C. For restitutionary disgorgement of all profits Defendants obtained as a result of their unfair competition;

D. For declaratory and injunctive relief; and

8
CLASS ACTION COMPLAINT

E. For such other relief as is just and proper.

Dated: February 17, 2012

JONATHAN M. JENKINS & ASSOCIATES

By: _____
Jonathan M. Jenkins
Counsel for Carole Harris

9
CLASS ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Carole Harris hereby demands a trial by jury.

Dated: February 17, 2012           JONATHAN M. JENKINS & ASSOCIATES

By: _____
Jonathan M. Jenkins
Counsel for Carole Harris

**ORIGINAL**

Jonathan M. Jenkins (State Bar No. 193011)
JONATHAN M. JENKINS & ASSOCIATES
8075 W. Third St., Ste. 300
Los Angeles, California 90048
ph: (310) 984-6800
fax: (310) 984-6840

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLE HARRIS, a California resident, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF(S)<br>v.<br>TODD WHITE, a California resident; ART OF WHITE, INC., a California corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>SA CV12-274 - JST (RNBx)<br><br>SUMMONS |

TO:   DEFENDANT(S): Todd White
                    Art of White, Inc.

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Jonathan M. Jenkins_____, whose address is _8075 W. Third St., Ste. 300, Los Angeles, California 90048_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __2-17-12__                         Clerk, U.S. District Court

                                           By: _____
                                               Deputy Clerk

                                               (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
CAROLE HARRIS, a California resident, on behalf of herself and all others similarly situated

**DEFENDANTS**
TODD WHITE, a California resident; ART OF WHITE, INC., a California corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jonathan M. Jenkins, JONATHAN M. JENKINS & ASSOCIATES
8075 W. Third St., Ste. 300, Los Angeles, California 90048 (310) 984-6800
Sara Bedirian, BEDIRIAN & ASSOCIATES
275 S. Beverly Dr., #202A, Beverly Hills, CA 90212 (310) 288-8798

**Attorneys** (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $5,000,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC section 1332(d)(2) (ORIGINAL JURISDICTION UNDER CLASS ACTION FAIRNESS ACT)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____
AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☐ No   ☑ Yes
If yes, list case number(s): SACV 11-1277-AG(ANx)

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles (Todd White) Los Angles (Art of White, Inc.) | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature]    Date 02/16/2012

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

**SACV12- 274 JST (RNBx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY